IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CARMEN L. LUCERO, | ) |
| Plaintiff, | ) ORDER |
| v. | ) CIVIL ACTION NO. 3:15-CV-00496-MMD-VPC |
| CAROLYN W. COLVIN<br>Acting Commissioner of<br>Social Security, | ) |
| Defendant. | ) |

___ FILED  ___ RECEIVED
___ ENTERED  ___ SERVED ON
         COUNSEL/PARTIES OF RECORD

AUG 2 4 2016

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

## PLAINTIFF'S MOTION FOR RELIEF DUE TO TECHNICAL FAILURES

1. Plaintiff repeatedly attempted file her Reply to SSA's Response on August 22, 2016.

2. She was unable to do so because both ECF and the Court's website were offline.

3. Counsel accessed 7 other ECF websites in various jurisdiction to confirm that this technical problem was specific to Nevada's ECF website and had nothing to do with connectivity issues in counsel's office. Counsel was able to log on to all 7 other ECF websites for various jurisdictions around the country.

4. It is apparent that this District Court's ECF was experiencing technical problems at the time counsel repeatedly attempted to file Plaintiff's Reply in this matter.

5. Proof that the ECF was offline is attached hereto as Exhibit A.

6. Given the foregoing, Plaintiff respectfully requests relief pursuant to LR IC 3-1(c). Specifically, Plaintiff requests that her Reply be considered as timely filed on August 22, 2016.

7. Plaintiff attaches as Exhibit B to this motion the Reply that she was prevented from filing on ECF yesterday due to the technical failures of the ECF website for this District.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order pursuant to LR IC 3-1(c) finding that Plaintiff's Reply was timely filed on August 22, 2016. Plaintiff requests that the Court direct the Clerk to enter Plaintiff's Reply, attached hereto as Exhibit B as having been properly filed on August 22, 2016.

    Respectfully submitted,

    By: /S/ David F. Chermol
    DAVID F. CHERMOL, ESQUIRE
    Chermol & Fishman, LLC
    11450 Bustleton Avenue
    Philadelphia, PA 19116
    P: (215) 464-7200

    By: /S/ Hal Taylor
    223 Marsh Avenue
    Reno, NV 89509
    P: (775) 329-1113

IT IS SO ORDERED

_____
U.S. MAGISTRATE JUDGE

DATED: August 24, 2016

2

## CERTIFICATE OF SERVICE

I hereby certify that I have, on August 23, 2016, served opposing counsel with the foregoing PLAINTIFF'S MOTION FOR RELIEF DUE TO TECHNICAL FAILURES has been electronically filed and is available for viewing and downloading from the Electronic Case Filing system of this Court. The Social Security Administration's Office of the General Counsel and the United States Attorney's Office are registered to received electronic service with the Electronic Case Filing system of this court:

Holly A. Vance
U.S. Attorney's Office
100 West Liberty
Reno, NV 89501

April Angelina Alongi
Office of the General Counsel, Social Security Admin.
160 Spear St., Ste 800
San Francisco, CA 94105

Respectfully submitted,

By: /s/ David F. Chermol
DAVID F. CHERMOL, ESQUIRE
Chermol & Fishman, LLC
11450 Bustleton Avenue
Philadelphia, PA 19116
Phone: 215-464-7200
Fax: 215-464-7224
E-mail: dave@ssihelp.us

/s/ Hal Taylor
HAL TAYLOR, ESQUIRE
223 Marsh Avenue
Reno, NV 89509
Phone: 775-825-2223
Fax: 775-329-1113
Email: haltaylorlawyer@gbis.com



# This page can't be displayed

- Make sure the web address http://www.nvd.uscourts.gov is correct
- Look for the page with your search engine
- Refresh the page in a few minutes

[ Fix connection problems ]

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| CARMEN L. LUCERO,<br><br>           Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN<br>Acting Commissioner of<br>Social Security,<br><br>           Defendant. | )<br>)<br>)<br>)<br>) CIVIL ACTION NO. 3:15-CV-00496-MMD-VPC<br>)<br>)<br>)<br>)<br>)<br>) |

REPLY TO SSA'S RESPONSE TO
PLAINTIFF'S OBJECTIONS

I.    ARGUMENT

Plaintiff's Reply to SSA's Response will address the issues in the order necessary. We will begin by addressing (A) SSA's issue exhaustion/waiver argument; (B) the composite jobs issue; (C) the ALJ's failure to account for Plaintiff's admitted mental functional limitations; (D) the ALJ's failure to explain why he rejected Dr. Wildman's opinion; and then (E) the government's frivolous timeliness objection. Plaintiff again respectfully renews her request for telephonic oral argument. One overarching theme of this case is that SSA seeks to avoid the substance of this appeal by relying upon legally erroneous claims of waiver.

    A.    SSA's Issue Exhaustion/Waiver Argument Is Legally Wrong and Not Supported by Any Relevant Authority.

Plaintiff would begin by noting that SSA does not even attempt to defend the R&R's[1] citations of Sims v. Apfel, 530 U.S. 103 (2000) and Brewes v. Comm'r of Soc. Sec. Admin., 682 F.3d 1157 (9th Cir. 2012) with respect to issue exhaustion. It is particularly notable that the Agency offers no response at all to Plaintiff pointing out (Pl.'s Objs. at 4) the fact that the Supreme Court held that claimants can never waive issues before SSA's Appeals Council because: 1) the proceedings before SSA are non-adversarial and 2) SSA's regulations include no provisions pertaining to waiver or issue exhaustion. Sims v. Apfel, 530 U.S. 130, 108-09 (2000).

---

[1] Report and Recommendation is abbreviated herein as "R&R."

Again, those two factors are just as true at the ALJ level, thus issue exhaustion/waiver does not apply (Pl.'s Objs. at 4). See Sims, 530 U.S. at 108-09.

SSA defends its issue exhaustion position only on the basis of Meanel v. Apfel, 172 F.3d 1111 (9th Cir. 1999) and not the other two cases cited by the R&R (SSA's Objs. Resp. at 1-2). The Agency asserts that "Plaintiff claims that Meanel v. Apfel, 172 F.3d 1111 (9th Cir. 1999), adopted an administrative waiver rule only for the introduction of evidence" (SSA's Objs. Resp. at 1). This is a distortion of Plaintiff's position. Plaintiff's position is that Meanel did not create any administrative level issue exhaustion rule at all. Rather, Meanel involved extra-record evidence submitted for the first time to the district court which had never been presented to either the ALJ nor the Appeals Council. Meanel, 172 F.3d at 1115. That has nothing whatsoever to do with this case. It may be that SSA can occasionally get away with unduly broad citations of Meanel. However, Meanel is a case about extra-record evidence submitted for the first time to a district court, not ALJ level issue exhaustion. Again, all of the arguments Plaintiff makes here are based upon evidence which was before the ALJ, not extra-record evidence submitted to the district court. Meanel is irrelevant here.

Finally, as Plaintiff noted in her objections (Pl.'s Objs. at 6), neither SSA nor the R&R identify any reason or legal authority as to why issue exhaustion should be required for an as generally step 4 determination but not for an as actually step 4 determination. The R&R found that the ALJ's step 4 as actually determination was legally erroneous despite the VE's supporting testimony, even though Plaintiff had offered no specific challenge on that point at the time of the hearing (R&R at 9). The R&R's finding of legal error was based upon evidence which had been submitted to the ALJ, even though Plaintiff's counsel had not mentioned such evidence at the hearing, never cross-examined the VE on the point, nor offered a specific objection at the hearing. In this respect, there would be no difference between the as actually and as generally issues raised in this appeal.

2

B. The ALJ Was Barred Under Agency Policy from Issuing a Step 4 as Generally Denial With Respect to the Two Prior Jobs at Issue Because Both Were Composite Jobs. In addition, There Was Conflicting Evidence Which the ALJ Failed to Address.

Before addressing the composite job issue, Plaintiff must highlight an incongruity. The ALJ found that Plaintiff was capable of performing her PRW[2] as she actually performed it based upon the VE's testimony (Tr. 306). The VE's testimony on this point, and the ALJ's reliance upon it, was unquestionably wrong (R&R at 9). No one even disputes this point (R&R at 9). Yet SSA seeks to prevail on the as generally issue based upon this same VE testimony which was unquestionably inaccurate with regard to the as actually issue. With this context in mind, we will now look more closely at the composite jobs issue.

Plaintiff had pointed out in her objections that the composite jobs rule is actually based on SSR 82-61 (Pl.'s Objs. at 2). Therefore, remand would be required under SSR 82-61 irrespective of whether the POMS are binding or not (Pl.'s Objs. at 2). SSA does not reply to this point whatsoever. Indeed, SSA never even mentions SSR 82-61 even once in its Response (SSA's Objs. Resp. at 1-7). SSA offers many evasive and tangential points based upon far less directly relevant authority, but it never mentions the key ruling on the composite jobs issue. Again, the composite job rule created by SSR 82-61 warrants remand here because the ALJ could not issue an as generally denial given the presence of composite jobs.

As to the POMS, after Plaintiff's Objections, SSA has now apparently abandoned its misleading assertion that the POMS are somehow inferior to SSA's Rulings (SSA Br. at 4-5). As Plaintiff already noted, this position is contrary to SSA's regulations which place the POMS on the same level as the Commissioner's Rulings (Pl.'s Objs. at 3). 20 C.F.R. § 416.1002. Instead, SSA now claims that the POMS are "irrelevant" to ALJs and that only the HALLEX is relevant to ALJs (SSA Objs. Resp. at 3).[3] SSA's suggestion that the HALLEX is binding upon

---

[2] This is an abbreviation for past relevant work.

[3] Plaintiff would hope that SSA remembers its representation in this case the next time that one of its ALJs violates the HALLEX. Undoubtedly the Agency will claim at that time that the

3

ALJs instead of the POMS is absolutely wrong. SSR 13-2p, 2013 WL 621536, *15 requires "adjudicators at all levels of administrative review" to follow Agency policy as set forth in the POMS, HALLEX, and other Agency policy documents.[4] Moreover, the POMS accurately state Agency policy and are therefore binding on SSA's ALJs (who are not Article III judges, but rather employees of the Commissioner and members of the executive branch) when they adjudicate disability claims that come before them.

SSA asserts that just because job "included duties from more than one occupation" that does not preclude consideration on an as generally performed basis (SSA's Objs. Resp. at 2). Yes it does. That is the entire point of the composite jobs rule set forth in SSR 82-41 and POMS DI 25005.020(B). Again, composite jobs are jobs that require the performance of significant elements of two or more jobs, and such composite jobs "have no counterpart in the DOT" so that an as generally step 4 determination is prohibited. SSR 82-61, 1982 WL 31387 *2; POMS DI 25005.020(B). Stacy v. Colvin, --- F.3d ---, 2016 WL 3165597 (9th Cir. 2016)[5] did not purport to eliminate the composite jobs rule, nor could it do so given that the composite jobs rule is Agency policy.

The Agency makes much of the fact that the ALJ never identified Plaintiff's PRW as a composite job (SSA's Objs. Resp. at 2). Precisely. That is the problem. The ALJ entirely missed the issue, just as he missed the issue that Plaintiff's PRW as she actually performed it was precluded given her RFC (R&R at 9). However, there is no real question that both of Plaintiff's

---

HALLEX is also irrelevant, despite what it has represented to the Court in this case.

[4] "We require adjudicators at all levels of administrative review to follow agency policy, as set out in the Commissioner's regulations, SSRs, Social Security Acquiescence Rulings (ARs), and other instructions, such as the Program Operations Manual System (POMS), Emergency Messages, and the Hearings, Appeals and Litigation Law manual (HALLEX)." SSR 13-2p, 2013 WL 621536, *15. The Kennedy decision and the claimant in Kennedy never mention SSR 13-2p and its crucial clarification that ALJs are indeed bound by Agency policy as set forth in the POMS, the HALLEX, and other Agency policy documents.

[5] Stacy actually never mentions the composite jobs rule. Nor does it mention the relevant POMS provision.

4

prior positions involved job duties from more than one occupational description in the <u>DOT</u>. That is the definition of a composite job. The fact that the ALJ completely overlooked a crucial issue is not a defense, but rather a reason for remand.

SSA's focus on "more demanding job duties" (SSA's Objs. Resp. at 3) is misguided. It is the presence of additional job duties beyond those listed in a particular DOT job description which makes a prior job a composite job. See SSR 82-61, 1982 WL 31387 *2; POMS DI 25005.020(B). Whether those activities were more or less demanding is totally inconsequential to an as generally step 4 determination. The demand level of additional duties is irrelevant under Agency policy, what matters for purposes of the composite jobs rule is whether there were in fact additional job duties. See SSR 82-61, 1982 WL 31387 *2; POMS DI 25005.020(B). Plaintiff already detailed the additional job duties in this case in prior pleadings (Pl.'s Br. at 5-7; Pl.'s Objs. at 5). SSA apparently now concedes that there were such additional job duties in Plaintiff's PRW, but enters into an argument about percentages (SSA's Objs. Resp. at 3-4). SSA appears to understand that its odd percentages argument would be ineffective with respect to the social/caseworker position (SSA's Objs. Resp. at 4). In the end, SSA now no longer truly defends the ALJ's as actually determination nor the as generally determination with respect to the social/caseworker position. All that is left is the project manager/graphic designer position. However, as Plaintiff has noted from the beginning, SSA's own state agency VE had labeled this job as a composite job because it involved "significant elements from two or more occupations and does not have a DOT counterpart" (Tr. 26, 30; Pl.'s Br. at 5-6; Pl.'s Objs. at 5). Although this record evidence which was before the ALJ was not inherently controlling, the Agency offers no explanation whatsoever for why the ALJ could reject this record evidence without the slightest explanation.

The bottom line is that Plaintiff's PRW involved composite jobs and therefore a step 4 as generally determination was precluded under Agency policy. The fact that the ALJ completely

5

missed this issue is no defense. SSA also cannot properly defend on the basis of issue exhaustion or by disavowing Agency policy. Remand cannot be avoided.

      C.    The ALJ's RFC Finding and Dispositive Hypothetical Question Never Accounted for Plaintiff's Limitations in the Areas of Social Functioning and Concentration, Persistence, and Pace.

SSA's characterizes Plaintiff's argument on this issue as being one which "suggests that the ALJ had to mention this step two finding in the RFC and hypothetical question to the vocational expert" (SSA's Objs. Resp. at 4). That has never been Plaintiff's position. SSA continually responds to arguments Plaintiff has never made because it cannot respond to the ones Plaintiff actually offers. Plaintiff has never argued that a verbatim recitation of the PRT findings is required in the hypothetical question or the RFC finding. Rather, Plaintiff's point has always been that an ALJ must account for his PRT findings when offering an RFC finding (which is of course reflected in the dispositive hypothetical question to the VE). See 20 C.F.R. § 416.920a; see also Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015); Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1181 (11th Cir. 2011); Ramirez v. Barnhart, 372 F.3d 546 (3d Cir. 2004) (all holding that RFC findings must be consistent with and account for the PRT findings that had already been made at steps two and three of the sequential evaluation process).

Lest the Agency make things unduly complicated, the point is rather simple. Plaintiff had at least some level of mental functional limitation. The ALJ himself found that to be true (Tr. 302). Although these limitations did not rise to the level of a severe mental impairment, SSA policy absolutely and indisputably requires that even non-severe impairments be accounted for in an RFC finding. See 20 C.F.R. §§ 416.923, 416.945(a)(2) (requiring adjudicators to consider the functional effects of even non-severe impairments when formulating the RFC finding); SSR 96-8p, 1996 WL 374184, *5 ("In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'"). The ALJ himself conceded this point (Tr. 300). Despite all of this, the ALJ included ZERO mental functional limitations in his RFC finding (Tr. 303). The ALJ did not find

6

"NONE" in the areas of social functioning and concentration, persistence, and pace (Tr. 302). He found mild limitations in these areas (Tr. 302). SSA's position is ultimately that "none" and "mild" are the same rating in the PRT. But the regulations differentiate between these two findings. See 20 C.F.R. § 416.920a. If the ALJ had found no functional limitations at all in these 2 areas when completing the PRT, then Plaintiff could not complain.[6] But instead he found mild limitations in social functioning and concentration, persistence, and pace (Tr. 302), which found absolutely no expression in the RFC finding and hypothetical question (Tr. 303).[7]

### D. The ALJ Provided No Explanation for Rejecting Dr. Wildman's Opinion and Post Hoc Rationalizations for Doing So Are Impermissible.

SSA admits that the ALJ did not accept the doctor's opinion in full and "gave greater weight to the State agency psychologists' findings" (SSA's Objs. Resp. at 7). However, neither the R&R nor SSA are able to cite to any part of the ALJ's decision where the ALJ explained the basis for this. The ALJ never specifically states that he gave greater weight to the state agency psychologists' opinions over that of Dr. Wildman. Most importantly, the ALJ's decision contains absolutely no analysis for why greater weight was accorded to the state agency over the opinion of Dr. Wildman. Everything cited by both SSA and the R&R on this point is merely a post hoc rationalization. However, binding circuit precedent holds that "[l]ong-standing

---

[6] Plaintiff does not seek to nullify Bray. Bray's holding was correct because Plaintiff in that case could not direct the Court to any legal authority to support its position. By contrast Plaintiff here has cited a great deal of legal authority for the proposition that PRT findings must find some expression in the RFC finding/dispositive hypothetical question. In short, Plaintiff does not attack Bray but rather the Agency's erroneous utilization of it.

[7] Lead counsel for Plaintiff is not at all confused about the role of the PRT in SSA's adjudications having litigated the very first significant case on this issue in the entire country. Counsel litigated Ramirez v. Barnhart, 372 F.3d 546 (3d Cir. 2004) on behalf of SSA and is deeply familiar with Agency policy on these issues and helped draft the macro language that ALJ's across the country use regarding PRTs and which SSA cites to in its brief. Consistent with that, although counsel does not believe a verbatim recitation of the PRT findings is necessary in the RFC finding/dispositive hypothetical question, it cannot be that there are PRT findings of mental functional limitations and then no mental functional limitations included at all in the RFC finding/dispositive hypothetical question. PRT findings must find SOME level of expression in the RFC finding/dispositive hypothetical question.

7

principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." Bray v. Comm'r of SSA, 554 F.3d 1219, 1225-26 (9th Cir. 2009); Vista Hill Foundation, Inc. v. Heckler, 767 F.2d 556, 559 (9th Cir. 1985) (stating that an ALJ decision can only be affirmed on a ground relied upon in that decision) see also Hanson v. Colvin, 760 F.3d 759 (7th Cir. 2014) (wherein Judge Posner suggests that SSA's attorneys engage in professional misconduct worthy of sanctions when they offer post hoc rationalizations). Again, the R&R engages in precisely the type of review which Bray unequivocally prohibits. Remand cannot be avoided on this issue alone.

>    E.    SSA's Timeliness Argument Is Frivolous and the Agency Must Withdraw It Immediately.

It is impossible to believe that the government's highly experienced attorneys are unfamiliar with the time deadlines in which to file Objections. Plaintiff demands that SSA immediately withdraw its argument that her Objections were untimely. If the government's lawyers did not know before, they know now that SSA's argument on this point is frivolous, and it must be withdrawn.

Although this should not even need to be said, Objections need only be filed within 14 days of service. Fed. R. Civ. P. 72(b)(2); L.R. IB 3-2(a). Fed. R. Civ. P. 6(d) in conjunction with Fed. R. Civ. P. 5(b) adds 3 days when service is effectuated by electronic means. That is why the Court itself generated an ECF notice requiring that Objections be filed no later than "8/6/2016" (Docket Entry No. 20). The R&R was entered on July 20, 2016 (Docket Entry No. 20). 14 days from that date was August 3, 2016. Adding the 3 days for service places the due date for Objections as August 6, 2016,[8] the precise date used by the Court itself on its ECF notice generated to the parties (Docket Entry No. 20). Plaintiff filed her Objections on August 4,

---

[8] With great respect and so that there is complete accuracy on this point, the date the ECF notice stated Objections were due was incorrect. August 6, 2016 was a Saturday. Accordingly, the due date for Objections actually fell to Monday, August 8, 2016. In any event, because Plaintiff filed her Objections early on August 4, 2016, they were timely no matter what.

8

2016 and thus the Objections were timely beyond any question whatsoever. SSA's argument that Plaintiff's Objections were untimely is frivolous, SSA now knows this to be so, and so the government's lawyers must formally withdraw their argument on this point.

The timeliness point captures the essence of SSA's defenses in this case. The Agency generally seeks to avoid the substance of this appeal by relying upon technical waiver arguments which are legally erroneous.

## II.   CONCLUSION

For the reasons set forth above and in her prior briefs, Plaintiff respectfully requests that the Court remand this case to the Agency for further administrative proceedings, under the fourth sentence of 42 U.S.C. § 405(g).

Plaintiff respectfully renews her request for telephonic oral argument on her objections.

Respectfully submitted,

By: /s/ David F. Chermol
DAVID F. CHERMOL, ESQUIRE
Chermol & Fishman, LLC
11450 Bustleton Avenue
Philadelphia, PA 19116
Phone: 215-464-7200
Fax: 215-464-7224
E-mail: dave@ssihelp.us


/s/ Hal Taylor
HAL TAYLOR, ESQUIRE
223 Marsh Avenue
Reno, NV 89509
Phone: 775-825-2223
Fax: 775-329-1113
Email: haltaylorlawyer@gbis.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have, on August 22, 2016, served opposing counsel with the foregoing <u>REPLY TO SSA'S RESPONSE TO PLAINTIFF'S OBJECTIONS</u> has been electronically filed and is available for viewing and downloading fro the Electronic Case Filing system of the United States District Court for the District of Nevada. The Social Security Administration's Office of the General Counsel and the United States Attorney's Office are registered to received electronic service with the Electronic Case Filing system of this court:

>Holly A. Vance
>U.S. Attorney's Office
>100 West Liberty
>Reno, NV 89501
>
>April Angelina Alongi
>Office of the General Counsel, Social Security Admin.
>160 Spear St., Ste 800
>San Francisco, CA 94105

Respectfully submitted,

By: /s/ David F. Chermol
DAVID F. CHERMOL, ESQUIRE
Chermol & Fishman, LLC
11450 Bustleton Avenue
Philadelphia, PA 19116
Phone: 215-464-7200
Fax: 215-464-7224
E-mail: dave@ssihelp.us

/s/ Hal Taylor
HAL TAYLOR, ESQUIRE
223 Marsh Avenue
Reno, NV 89509
Phone: 775-825-2223
Fax: 775-329-1113
Email: haltaylorlawyer@gbis.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| CARMEN L. LUCERO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:15-CV-00496-MMD-VPC |
| | ) |
| CAROLYN W. COLVIN | ) |
| Acting Commissioner of | ) |
| Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

AND NOW, this _____ day of August, 2016, having considered Plaintiff's Motion for Relief Due to Technical Failures and any response thereto, it is hereby ORDERED that Plaintiff's Motion is GRANTED. Plaintiff's Reply is deemed timely filed on August 22, 2106. The Clerk is directed to enter Plaintiff's Exhibit B (Plaintiff's Reply) on the Docket and to list the filing date as August 22, 2016.

BY THE COURT:

_____

J.