UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CARMEN LUCILLE LUCERO, | Case No. 3:15-cv-00496-MMD-VPC |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

## I. SUMMARY

Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Valerie P. Cooke (ECF No. 20) regarding Plaintiff Carmen Lucille Lucero's Motion for Remand/Reversal ("Motion to Remand") (ECF Nos. 15, 15-1) and Defendant Commissioner Carolyn Colvin's Cross-Motion to Affirm ("Cross-Motion") (ECF No. 19). Also before the Court is Lucero's Motion for Oral Argument on Plaintiff's Objections ("Motion for Hearing") (ECF No. 22). The Court has reviewed Plaintiff's objections to the R&R (ECF No. 21), Defendant's response (ECF No. 23), and Plaintiff's reply (ECF No. 24-2). The Court has also reviewed the administrative record[1] filed by the Commissioner. (ECF Nos. 9, 14.[2])

---

[1] For ease of reference, the Court will cite to the administrative record as AR.

[2] The Commissioner filed both a physical copy of the administrative record (ECF No. 9) and an electronic copy of the administrative record on two discs (ECF No. 14). Along with the electronic copy, the Commissioner submitted physical copies of missing procedural documents, which were omitted in the initial filing of the administrative record.

For the following reasons, the R&R is accepted in part and denied in part. As a result, Plaintiff's Motion for Hearing is denied as moot.

## II.  BACKGROUND

Plaintiff Carmen L. Lucero filed for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act on April 19, 2012. (AR 110.)

Plaintiff's application was denied on December 17, 2012, and then denied again upon reconsideration on June 3, 2013. (AR 36-39, 45-47, 299.) The denial was affirmed by an Administrative Law Judge ("ALJ") at a hearing on May 15, 2014, and review was denied by the Appeals Council on August 13, 2015. (AR 280-82, 296-306.) Lucero then sought review from this Court.

The Magistrate Judge found that the ALJ made certain mistakes but that these mistakes were harmless and that remand was not warranted. (ECF No. 20 at 7-9, 14-16.) Accordingly, the Magistrate Judge recommends that Plaintiff's Motion to Remand be denied and that Defendant's Cross-Motion be granted.

## III. LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a party timely[3] objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." *Id.*

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Social Security Act. In reviewing findings of fact, the Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind

---

[3]Although Defendant points out that the deadline to file objections was August 3, 2016, based on LR IB 3-2(a) (ECF No. 23 at 2), the electronic docket entry indicated that the final filing date for objections was August 6, 2016 (ECF No. 20 ("Objections to R&R due by 8/6/2016").). Therefore, the Court will still consider Plaintiff's objections.

might accept as adequate to support a conclusion." *Gutierrez v. Comm'r Soc. Sec.*, 740 F.3d 519, 522–23 (9th Cir. 2014) (internal quotation marks and citations omitted). The Court must consider the entire record as a whole to determine whether substantial evidence exists, and it must consider evidence that both supports and undermines the ALJ's decision. *Id.* at 523 (citation omitted). In weighing the evidence and making findings, the Commissioner must also apply the proper legal standards. *Id.* (citing *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) and *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003)).

## IV. DISCUSSION

The Court agrees with the Magistrate Judge's recommendation that remand is not warranted as to the ALJ's reliance on Lucero's past work as it is generally performed at Step 4, but the Court finds that remand is required as to the ALJ's failure to explain why he rejected the state agency's finding that one of Lucero's prior jobs constituted a composite job, the lack of clarity as to whether the ALJ considered Lucero's mental limitations in the residual functional capacity ("RFC") assessment, and the ALJ's failure to consider portions of Dr. Wildman's opinion without providing specific and legitimate reasons as to why he did so.

### A. Denial of SSI Benefits

In Lucero's objection to the R&R, she raises five arguments: (1) she was not required to exhaust the issue of whether her prior work experiences amounted to composite jobs; (2) the ALJ was barred from issuing a Step 4 determination as generally performed denial because two of her prior jobs were composite jobs; (3) the ALJ's RFC finding did not actually account for her limitations in social functioning and concentration; (4) the ALJ failed to provide an explanation for rejecting Dr. Wildman's opinion; and (5) the ALJ failed to address conflicting evidence in the record with regards to classification of a prior job as non-composite. (ECF No. 21 at 1-8.) The Court finds that Lucero's third, fourth, and fifth arguments warrant remand and that remand may affect the RFC analysis at Step 4.

### 1. Issue Exhaustion & Waiver

Lucero argues that the three cases regarding issue exhaustion cited to in the R&R are read too broadly and that because the Supreme Court has held that SSA proceedings are non-adversarial and SSA regulations do not address issue exhaustion, *see Sims v. Apfel*, 530 U.S. 103, 108-09 (2000), she was not required to raise the issue of composite jobs at the ALJ hearing. (ECF No. 21 at 3-4.) The Court disagrees.

At the ALJ hearing, the testifying vocational expert classified Lucero's three prior jobs with specific DOT numbers. (AR 353-54.) After the ALJ finished his examination of the expert, he asked Lucero's attorney whether she wished to question the expert, to which the attorney declined. (AR 357.) While the Supreme Court has not ruled on the issue of whether a claimant must exhaust issues before the ALJ, the Ninth Circuit has clearly held that the Supreme Court's decision in *Sims* did not overrule the Ninth Circuit's prior ruling in *Meanel v. Apfel*, 172 F.3d 1111 (9th Cir. 1999), as amended (June 22, 1999). *See Shaibi v. Berryhill*, 870 F.3d 874, 881-82 (9th Cir. 2017) ("*Sims* concerned only whether a claimant must present all relevant issues *to the Appeals Council* to preserve them for judicial review") (emphasis in original). In *Meanel*, the Ninth Circuit held that "when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal." 172 F.3d at 1115. The Ninth Circuit reaffirmed this requirement to exhaust all issues before the ALJ in *Shaibi*. 870 F.3d at 882. Therefore, the Court agrees with the recommendation in the R&R that Lucero failed to exhaust the issue of whether her previous employment constituted composite jobs.[4]

### 2. Dr. Wildman's Opinion

Lucero argues that while the R&R correctly found that the ALJ had erred in not explaining why he had rejected SSA consultative psychologist Dr. Wildman's opinion, the R&R incorrectly stated that this error was harmless. (ECF No. 21 at 9-10.) The Court agrees with Lucero and finds that the ALJ's failure to explain why he did not consider

---
[4]The Court therefore declines to address Lucero's second argument as it is premised on the contention that the ALJ erred in failing to find that Lucero's prior work experiences constituted composite jobs.

portions of Dr. Wildman's findings concerning social function and concentration requires remand.

Generally, when reviewing medical opinions in the administrative record, the greatest weight is given to a treating physician's opinion, while the opinion of an examining provider receives more weight than that of a non-examining provider. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). While the ALJ is not bound by the conclusions of any particular physician, the ALJ must discuss those opinions, or aspects thereof, that are "significant" and "probative" to the ALJ's disability determination. *Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012). The ALJ must articulate "clear and convincing" reasons for disregarding an examining physician's uncontradicted opinion, *Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1198 (9th Cir. 2008), but he may reject a contradicted opinion with specific and legitimate reasons that have the support of substantial evidence, *Garrison*, 759 F.3d at 1012. In supporting a decision to accept certain medical opinions over others, the ALJ may cite contradiction, inconsistency with the evidence, and consistency of the accepted opinions with the record as a whole. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004).

In his decision, the ALJ gave "significant weight" to the opinions of state agency psychologists R. Torigoe, Ph.D., and Pastoia Roldan, Ph.D., as well as to psychologist Robert Wildman, Ph.D., to find that Lucero was only mildly limited in social functioning and concentration, persistence, or pace. (AR 302.) Dr. Wildman was the only examining psychologist, and both non-examining psychologists—Dr. Torigoe and Dr. Roldan—appear to have relied in part on Dr. Wildman's assessment to make their findings that Lucero was only mildly impaired in social functioning and concentration. (AR 9, 13.) However, Dr. Wildman's assessment concluded that Lucero was moderately impaired in "her ability to interact appropriately with coworkers, supervisors and the public" and in "her ability to maintain concentration and attention." (AR 250.) The ALJ did not mention this finding or explain his reason for not considering and implicitly rejecting it in his decision.

Instead, the ALJ appears to have selectively parsed Dr. Wildman's opinion, relying on Dr. Wildman's finding that Lucero had a GAF score of 70 in order to find that she had only mild symptoms in the area of social functioning and concentration. (AR 302.)

While the R&R provides "specific and legitimate" reasons as to why the ALJ may have rejected part of Dr. Wildman's opinion—specifically, "contrary findings within the physicians' opinions, a lack of medical treatment for alleged medical impairments, and plaintiff's ability to perform at a higher functional level" (ECF No. 20 at 16)—it is not for the Court to decide what an adjudicator may have been thinking when he made his decision or to make post hoc rationalizations for him regarding his reasoning or factual findings. *Bray,* 554 F.3d at 1225-26. Because Dr. Wildman was the only examining psychologist and the other psychologists relied in part on Dr. Wildman's assessment, the Court is unable to determine whether there is substantial evidence to support the ALJ's finding that Lucero was only mildly impaired with regards to social functioning and concentration. Therefore, the Court finds that remand is necessary so that the ALJ may provide specific and legitimate reasons as to why he rejected Dr. Wildman's finding that Lucero was moderately impaired in the areas of social function and concentration or so that the ALJ may reevaluate his finding that Lucero was only mildly impaired in these areas.

### 3. Evidence Regarding Classification of Lucero's Prior Jobs

Lucero also argues that the ALJ had an obligation to explain why he discounted evidence which tended to contradict the vocational expert's testimony at the hearing and that the R&R never explained why it was permissible for the ALJ to ignore this evidence. (ECF No. 21 at 6.) The Court agrees that the ALJ's failure to address the state agency vocational expert's finding constitutes legal error.

In his opinion, the ALJ relied exclusively on the hearing testimony of the testifying vocational expert to find that Lucero's past work fell within three employment categories: Graphic Designer (DOT 141.060-018, sedentary, SVP 7), Educational Resource Coordinator (DOT 099.167-030, light, SVP 7), and Social/Caseworker (DOT 195.107-010, sedentary, SVP 7). (AR 306.) Yet, the administrative record also includes the state

1 agency's disability determination wherein Lucero's prior work experience of project
2 manager and graphic designer was classified as a composite position with no DOT
3 counterpart. (AR 26, 30.) Based on the ALJ's own opinion, he did not consider the state
4 agency's finding or indicate why he rejected its finding that one of Lucero's prior job
5 constituted a composite job. In light of the Court's order to remand, the Court finds that
6 the ALJ must provide a reasonable explanation as to why he rejected the state agency's
7 finding.

### 4. RFC Assessment

Lucero asserts that the R&R misconstrued her argument regarding the ALJ's RFC Assessment. (ECF No. 21 at 6.) Instead, she states that the point raised in her Motion to Remand was that because "the ALJ [ ] included zero mental functional limitations in his RFC finding and dispositive hypothetical questions to the VE" the RFC finding is "defective as a matter of law." (*Id.* at 8-9.)

Before considering Step 4, the ALJ must determine a claimant's RFC. 20 C.F.R. §§ 404.1520(e) & 416.920(e). An RFC is a claimant's capacity to do physical and mental work activities on a sustained basis despite limitations from her impairments. *See* 20 C.F.R. § 416.945(a)(1). In determining a claimant's RFC, an ALJ must consider all of claimant's impairments regardless of severity. *See* 20 C.F.R. § 404.1545(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not severe[.]")

Here, the ALJ stated that the "mental residual functional capacity assessment used at steps 4 and 5 . . . requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraph B." (AR 303.) However, it is unclear whether the ALJ considered Lucero's purportedly mild mental limitations when discussing how her physical and mental impairments affected her RFC. While the ALJ stated at Step 2 that the subsequent RFC assessment reflects the degree of limitation the ALJ found in the "paragraph B" mental function analysis (AR 303), there are no clear references to these mild limitations in the ALJ's assessment of the RFC. Moreover, because this Court

is remanding the ALJ's decision for further proceedings on Lucero's mental limitations found by Dr. Wildman, this may affect the RFC assessment and the ALJ's consideration of those limitations.

Therefore, the Court agrees with Lucero that the ALJ was not clear as to how her mild mental limitations affected her RFC and that remand is warranted.

**V.    CONCLUSION**

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge Valerie P. Cooke (ECF No. 20) is accepted in part and denied in part.

It is ordered that Lucero's Motion for Remand or Reversal (ECF No. 15) is granted in part and denied in part.

It is further ordered that the Commissioner's Cross-Motion to Affirm (ECF No. 19) is granted in part and denied in part

It is further ordered that Lucero's Motion for Hearing (ECF No. 22) is denied as moot.

This case is remanded to the ALJ for further proceedings consistent with this Order.

The Clerk is directed to enter judgment and close this case.

DATED THIS 2nd day of November 2017.

MIRANDA M. DU  
UNITED STATES DISTRICT JUDGE