UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CARMEN LUCILLE LUCERO, | Case No. 3:15-cv-00496-MMD-VPC |
| Plaintiff, | ORDER |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

**I.   SUMMARY**

This action concerns an appeal of a Social Security Administration ("SSA") denial of benefits. In a previous order ("Order"), the Court granted Plaintiff's motion to reverse in part and remand for further proceedings. (ECF No. 27.) Pending before the Court is Defendant's motion to amend the judgment ("Motion") (ECF No. 29.) The Court has reviewed Plaintiff's response (ECF No. 30) and Defendant's reply (ECF No. 31). For the reasons discussed herein, the Motion is granted.

**II.   BACKGROUND**

The Court's Order acknowledged that the "Magistrate Judge found that the [administrative law judge (ALJ)] made certain mistakes but that these mistakes were harmless." (ECF No. 27 at 3.) Nonetheless, the Court found that remand was appropriate

on three bases: first, the ALJ's residual functioning category ("RFC") finding did not account for Plaintiff's limitations in social functioning and concentration; second, the ALJ failed to provide an explanation for rejecting Dr. Wildman's opinion; and, finally, the ALJ failed to address conflicting evidence in the record with regards to classification of a prior job as non-composite. (*Id.*) Defendant moves for amendment of this decision on the basis of legal error.

## III.     LEGAL STANDARD

"There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe R.R.*, 338 F.3d 1058, 1063 (9th Cir. 2003). A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003).

## IV.     DISCUSSION

Defendant argues that the Court committed numerous manifest errors. The Court finds that two errors warrant reversal of its prior decision. The Court therefore grants Defendant's Motion on the basis of legal error.

First, Defendant argues that this Court erred by finding reversible error relating to examining source Dr. Wildman's opinion without considering whether such error was harmless. (*See* ECF No. 29 at 6.) The Court agrees and finds that even with the ALJ's failure to explicitly reject Dr. Wildman's finding of moderate as opposed to mild mental limitations, the record does not reflect that Plaintiff would be prevented from performing her past relevant work as a social worker/case worker. (*See id.*) Thus, this error was inconsequential to the ultimate non-disability determination such that remand was not appropriate. *See Molina v. Astrue*, 674 F.3d 1104, 1122 (9th Cir. 2012).

1    Second, Defendant points out that in the Order the Court determined that the ALJ did not err in finding that Plaintiff could perform her past relevant work as a social worker/caseworker as generally performed. (ECF No. 29 at 2.) Defendant then points to a regulation that states that if the SSA finds that the applicant has the RFC to perform past relevant work—here, work as a social worker/case worker—then the SSA will determine that the applicant can still do her past relevant work and is therefore not disabled. (*Id.* at 3 (citing 20 C.F.R. § 416.960(b)(3)).) Thus, the Court agrees with Defendant that its prior finding of error regarding Plaintiff's other past relevant work as a project manager/graphic designer would be harmless and not alter the ALJ's ultimate finding that Plaintiff was not disabled.

The Court therefore finds good cause to amend the Order and enter judgment in favor of Defendant.

**V.  CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of Defendant's Motion.

It is therefore ordered that Defendant's motion to amend the judgment (ECF No. 29) is granted.  Plaintiff's motion for reversal or remand (ECF No. 15) is denied. Defendant's cross-motion to affirm (ECF No. 19) is granted.

The Clerk is instructed to vacate the judgment entered on November 2, 2017 (ECF No. 28).  The Clerk is further instructed to enter judgment in favor of Defendant in accordance with this order and close this case.

DATED THIS 17th day of August 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE